

_____
**ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (Baltimore Division)

| | | |
|---|---|---|
| IN RE: | * | |
| MICHAEL FELDER, | * | Case No. 13-22635 |
| Debtor. | * | (Chapter 13) |
| STANLEY L. ABRAHAMS AND THE ESTATE OF NORMAN D. ABRAHAMS, | * | |
| Movants, | * | |
| v. | * | |
| MICHAEL FELDER, | * | |
| Respondent. | * | |

**CONSENT ORDER CONDITIONING AUTOMATIC STAY AS IT APPLIES TO 3200 REISTERSTOWN ROAD AND 3230 REISTERSTOWN ROAD IN BALTIMORE CITY, MARYLAND**

WHEREAS, The Debtor, Michael Felder (the "Debtor") is currently indebted to the Movants, Stanley Abrahams and the Estate of Norman D. Abrahams (collectively, the "Movants"), under and in connection with a promissory note (the "Note") executed by the Debtor and in favor of the Movants, in the original amount of Three Hundred Thousand Dollars ($300,000.00).

WHEREAS, payment of the Note is secured pursuant to the terms of a Deed of Trust, dated June 30, 2000 (the "Deed of Trust"), which was recorded in the Land Records for Baltimore City, Maryland at Liber 0596, folio 486, which gives Movants a secured interest in, to and against the real property owned by the Debtor, located at 3200 Reisterstown Road and 3230 Reisterstown Road in Baltimore City, Maryland (collectively, the "Collateral").

WHEREAS, interest on the Note has accrued after Debtor's bankruptcy petition in the instant case in the amount of Ten Thousand Eight Hundred Eighty-Five Dollars and Twenty-Five Cents ($10,885.25) as of April 8, 2014, and continues to accrue at the rate of $42.36 per day (the "Interest").

WHEREAS, on August 15, 2013, Movants filed a Proof of Claim, which was amended on April 8, 2014 (collectively, the "Proof of Claim");

WHEREAS, on November 7, 2013, Movant filed a Motion to Terminate the Automatic Stay in the instant case, as amended from time to time (the "Motion to Terminate") in connection with the Interest for the Note as a result of, *inter alia*, Debtor's failure to adequately protect Movants' interest in the Collateral.

WHEREAS, Debtor filed a timely response to the Motion to Terminate;

WHEREAS, on December 5, 2013, Debtor filed a Motion to Modify Secured Debt in the instant case to reduce the twelve percent (12%) interest rate under the Note (the "Motion to Modify").

WHEREAS, Movants filed a timely response to the Motion to Modify;

WHEREAS, on February 11, 2014, Debtor filed an objection to the Proof of Claim (the "Objection");

WHEREAS, Movants filed a timely response to the Objection.

NOW THEREFORE, IT IS HEREBY ADJUDGED AND ORDERED BY THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF MARYLAND THAT:

1.  In order to provide adequate protection of the interest of Movants under the Note, pursuant to Section 361 of the United States Bankruptcy Code, the Debtor agrees to make monthly payments to Movants of One Thousand Three Hundred Thirteen Dollars and Sixteen Cents ($1,313.16) through and including the date of confirmation of any chapter 13 plan of reorganization (the "Confirmation"), the first monthly payment being due on or before May 1st, 2014, with subsequent payments due on or before the 1st day of each month beginning June 1st, 2014, and continuing until the date of the Confirmation (the "Adequate Protection Payments"). In the event Confirmation occurs on any day other than the 1st of the month, the Adequate Protection Payments shall be adjusted and apportioned to the date of confirmation. The Adequate Protection Payments shall be made payable to Marilyn Abrahams and sent to:

   Hunter C. Piel
   Law Office of Hunter C. Piel, LLC
   502 Washington Avenue, Suite 730
   Towson, MD 21204

2.  The Debtor further agrees to make monthly payments to the Movants representing interest on the principal balance of the Note in the amount of six percent (6%) per annum after

the Confirmation and until the date of Debtor's discharge from bankruptcy, starting on the 1st day of the month after Confirmation and continuing on 1st day of each subsequent month. Such payments shall be sent to the Chapter 13 Trustee in accordance with a confirmed Chapter 13 plan.

    3.    The Debtor further agrees to file an amended chapter 13 plan of reorganization within 20 days of this Order, notwithstanding the pendency of any motion to extend the exclusivity period which may be filed in the case, noting the Movants claim in the amount of One Hundred Seventy-Eight Thousand Six Hundred Fifty-Seven Dollars and Ninety-Two Cents ($178,657.92).

    4.    The Debtor agrees to withdraw the Objection on or before May 1, 2014.

    5.    The parties further agree that if the Debtor converts this case to a Chapter 7 or if the Debtor's proposed chapter 13 plan of reorganization is denied without leave to amend, the automatic stay shall be automatically terminated with respect to the Movants and the Movants shall thereafter be free to proceed, without delay, to enforce their Deed of Trust remedies against the Collateral and any other rights and remedies under the Loan Documents and state law.

    6.    Debtor further agrees to maintain all insurance coverages under the Note and Deed of Trust and pay all post-petition taxes, water bills and any other municipal charges in connection with the Property within thirty (30) days of their respective due dates.

    7.    With the exception of the circumstances set forth in Paragraphs 3 and 5, if the Debtor defaults upon the terms enunciated in this Order, the Debtor will be in default. The Movants shall file a Notice of Noncompliance setting forth the default and send a copy to the Debtor and counsel of record via first-class mail. If the default is not cured or objected to within ten (10) days from the date of its notice, the Movants shall file an Notice of Default whereupon,

without further Order of this Court, the automatic stay shall be automatically terminated with respect to the Movants and the Movants shall thereafter be free to proceed, without delay, to enforce their Deed of Trust remedies against the Collateral and any other rights and remedies under the Loan Documents and state law.

8. It is further agreed that if the Debtor defaults pursuant to the terms of this Order on more than two (2) occasions, the Debtor shall not be entitled to bring the account current pursuant to paragraph six (6) of this Order and the automatic stay shall be automatically terminated with respect to the Movants and the Movants shall thereafter be free to proceed, without delay, to enforce their Deed of Trust remedies against the Collateral and any other rights and remedies under the Loan Documents and state law.

9. This Order applies to any successor in interest of the Movants and shall not be subject to the stay of order referenced in Federal Rule of Bankruptcy Procedure 4001 (a)(3).

10. Nothing contained herein shall constitute a waiver of any rights, remedies and recourse under the Loan Documents. All rights, remedies and recourse under the Loan Documents and/or applicable law not expressly addressed in this Order are reserved.

CONSENTED TO:

__/s/_____
KIM D. PARKER #23894
Counsel for Debtor
Law Offices of Kim Parker, P.A.
2123 Maryland Avenue
Baltimore, Maryland 21218
(410) 234-2621
kp@kimparkerlaw.com

\_\_/s/_____
HUNTER C. PIEL # 29179
Counsel for Movants
502 Washington Avenue, Suite 730
Towson, MD 21204
(410) 849-4888
hpiel@piellawfirm.com

## CERTIFICATION

      I HEREBY CERTIFY that the terms of the copy of the consent order submitted to the Court are identical to those set forth in the original consent order; and that the signatures represented by the "/s/" on this copy reference the signatures of consenting parties on the original consent order.

                                            /s/ Hunter C. Piel
                                            Hunter C. Piel

Copies To:

Michael Felder, Debtor
Kim Parker, Counsel for Debtor
Hunter C. Piel, Counsel for Movant
Office of the United States Trustee
Ellen W. Cosby, Chapter 13 Trustee

**End of Order.**